UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NORMAN SMITH,

    Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

    Defendants.

2:11-cv-00640-LDG-GWF

**ORDER**

    This is a closed *pro se* prisoner civil rights action. By order filed May 9, 2011, the Court dismissed this action for failure to state a claim. (ECF No. 4). Judgment was entered on May 9, 2011. (ECF No. 5). Plaintiff has filed a motion to alter or amend the order and for relief from the order, citing Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 6).

    Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

> misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court properly dismissed this action for failure to state a claim in the order filed May 9, 2011. (ECF No. 4). In his motion for relief from judgment, plaintiff has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Plaintiff has not shown that manifest injustice resulted from dismissal of the action. Plaintiff also has not presented newly discovered or previously unavailable evidence. Plaintiff has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for relief from judgment.

1  **IT IS THEREFORE ORDERED** that plaintiff's "motion to alter, amend, or for relief from judgment" (ECF No. 6) is **DENIED.**

Dated this __9__ day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE